**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOSE ANIBAL GUNDERSON LOPEZ ACETUN,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1068-J** |
| **MARKWAYNE MULLIN et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Jose Anibal Gunderson Lopez Acetun, a noncitizen[1] and citizen of Guatemala, proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement (ICE). (ECF No. 1). United States District Judge Bernard M. Jones II referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Respondents filed a Response. (ECF No. 7).

For the reasons set forth below, the undersigned recommends the Court **GRANT** the Petition, in part, and order Respondents to provide Petitioner with an individualized bond hearing within ten business days or otherwise release him if there is no hearing within that time.

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. BACKGROUND AND PETITIONER'S CLAIMS

On or around January 18, 2018, Petitioner applied for admission into the United States. (ECF No. 7-1). On that same day, the Department of Homeland Security (DHS) initiated removal proceedings against Petitioner by filing a Notice to Appear (NTA) and charged him as being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I). (ECF No. 7-1). Petitioner was then released from DHS custody under an order of recognizance. (ECF No. 7:11). On or around May 21, 2025, Petitioner was arrested for "Driving Under Influence Liquor" and "Traffic Offense."[2] (ECF No. 7-2:2). On or around June 20, 2025, Petitioner was convicted of each crime and was sentenced to an aggregate amount of 120 days in jail. (ECF No. 7-2:2). On August 19, 2025, following his release from jail, DHS re-detained Petitioner and placed him in Cimarron Correctional Facility in Cushing, Oklahoma. (ECF No. 7-2:2). Petitioner remains detained at this detention facility.[3]

While in ICE custody, Petitioner filed the present Petition with the Court to challenge his detention. (ECF No. 1). Petitioner challenges his detention, in part, because he has been detained without an individualized bond hearing in violation of the Immigration and Nationality Act (INA). (ECF No. 1:7-8).[4]

---

[2] It is unclear to the Court which state laws Petitioner had violated.

[3] *See* USCIS, Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited Sept. 10, 2026).

[4] Petitioner also alleges that his detention violates due process, the Administrative Procedure Act, and an additional INA violation. *See* ECF No. 1:7-8. However, if the Court adopts this recommendation, the Court need not address these issues.

## II. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III. PETITIONER HAS SUFFICIENTLY CONFORMED WITH PRO SE PLEADING STANDARDS

In its Response, Respondents argue that Petitioner has failed to meet relevant pleading standards because his Petition fails to specifically specify all grounds for relief available to him, alongside facts that support each ground. (ECF No. 7:4-7). However, for the reasons articulated below, the Court should disagree with Respondents and find that Petitioner has sufficiently stated a claim of relief that is available to him.

The Court is permitted to liberally construe a *pro se* litigant's pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court may do so even with "the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id*. The Court may consider additional evidence outside of a *pro se* litigant's complaint, petition, or other application when conducting a broad reading of their pleadings. *Id*. at 12.

However, there are restrictions on the Court's ability to construe a *pro se* litigant's pleadings. The Court cannot "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.3d at 1110. Allegations that are merely conclusionary in nature, without

supporting arguments, are insufficient to support a pro se litigant's claim for relief. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994); *see also United States v. MacCollom*, 426 U.S. 317, 327 (1976) (finding that the applicant made a "naked" and conclusory allegation of ineffective assistance of counsel without sufficient facts); *Ruark v. Gunter*, 958 F.3d 318, 319 (10th Cir. 1992) (finding similar). When a *pro se* litigant fails to do so, the Court "cannot fill the void by crafting arguments and performing the necessary legal research." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005).

Further, *pro se* litigants must still comply with the same rules of procedures that govern other litigants, including rules relating to habeas petitions. *Id*. at 841; *see also Mayle v. Felix*, 545 U.S. 644, 654 (2005)[5] ("A discrete set of Rules governs federal habeas proceedings launched by state prisoners."). For example, under Habeas Rule 2(c), a petitioner must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." *Mayle v. Felix*, 545 U.S. at 655. The purpose of this rule is to allow district courts to determine whether it should order Respondents to "show cause why the writ should not be granted." *Id*. at 656.

Here, under "Ground One," Petitioner reiterates that his challenge is, in part, based on a "[v]iolation of . . . [the] Due Process Clause." (ECF No. 1:7) Petitioner continues, stating:

---

[5] In *Mayle*, the Supreme Court of the United States (SCOTUS) refers to the Rules Governing Section 2254 and 2255 Proceedings. *See Mayle v. Felix,* 545 U.S. at 654. Although Petitioner filed a habeas petition under Section 2241, "[t]he Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241." *Whitmore v. Parker*, 484 F. App'x 227, 231 n.2 (10th Cir. 2012) (citing *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005)).

> I was detained by ICE custody on August 19th of 2025. Seven months later I received my first court appearance on 20th of March 2026.

(ECF No. 1:7). Under "Ground Two," when arguing that his detention violates the INA, Petitioner explains that he "was not offered an Individualized Bond Hearing despite [his] legal status." (ECF No. 1:7). In his ultimate request for relief, Petitioner asks the Court to order his immediate release "or an alternative[.]" (ECF No. 1:8). Under a liberal construction, the Court should find that Petiitoner's allegations and requests for relief sufficiently state a claim for relief. *Hall v. Bellmon*, 935 F.2d at 1110.

## IV. SECTION 1226(A) APPLIES TO PETITIONER'S PETITION

Under 8 U.S.C. § 1226, the Attorney General generally may arrest, detain, and release noncitizens from immigration detention. For example, 8 U.S.C. § 1226(a) allows for the arrest of noncitizens on a warrant and grants ICE the discretion to keep a noncitizen detained or to release the noncitizen on bond.[6] By contrast, 8 U.S.C. § 1226(c) specifically authorizes the Attorney General to mandatorily detain noncitizens who have been convicted of certain crimes and have yet to have a final removal order entered against them. Similarly, the detention of noncitizens who are classified as "applicants for admission" and "seeking admission" is mandatory under 8 U.S.C. § 1225(b)(2)(A).

---

[6] The regulations accompanying the statute explain the various levels of review for a bond determination. An ICE officer makes the initial detention or release determination, and the noncitizen bears the burden of "demonstrat[ing] to the satisfaction of the officer that . . . release would not pose a danger to property or persons, and that the noncitizen is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). If the officer determines the noncitizen should be detained, the noncitizen can seek review of that decision at a bond hearing before an Immigration Judge *Id.* § 236.1(d)(1). An Immigration Judges' decision to detain may be further appealed to the Board of Immigration Appeals (BIA). *Id.* § 236.1(d)(3). *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Here, the Court finds that Petitioner's detention is subject to 8 U.S.C. § 1226(a) On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir 2026). The Court held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz*, 180 F.4th at 1237. In reading the statutory text and the context of its creation, the Court reasoned that:

> once a noncitizen has entered unlawfully, no amount of legal maneuvering allows him to go back in time and make his initial entry lawful. The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.

*Id*. Here, Petitioner's circumstances are nearly identical to those of the noncitizens that the Tenth Circuit describes. On or around January 18, 2018, Petitioner applied for admission into the United States. (ECF No. 7-1). Petitioner was later released under an order of recognizance and entered the United States. (ECF No. 7:11). Under *Santillan Quiroz*, Petitioner was detained in the interior of the United States after entering the country, which subjects his detention to 8 U.S.C. § 1226(a). And although Petitioner has two criminal convictions, said convictions do not fall under the categories of crimes and acts that would subject a noncitizen to mandatory detention under 8 U.S.C. § 1226(c).

Therefore, the Court should find that 8 U.S.C. §§ 1226(a), not 1226(c), controls. *See Artigas v. Warden, Diamondback Correctional Facility, et al.*, No. CIV-26-794-SLP, 2026 WL 2059990, at *2 (W.D. Okla. July 16, 2026) (finding that § 1226(a) governed Petitioner's detention, when the petitioner had been previously released on her own recognizance), *adopted*, 2026 WL 2334130.

## V. SECTION 1226(a) REQUIRES A BOND HEARING

For the reasons discussed above, 8 U.S.C. § 1226(a) demands that Petitioner is entitled to a bond hearing. *See supra*. However, he has yet to be provided such a hearing as required by 8 U.S.C. § 1226(a).

Accordingly, the undersigned finds that Petitioner has demonstrated that he is in custody in violation of the laws of the United States, that he is entitled to habeas relief under 28 U.S.C. § 2241(c)(3), and that bond hearing is the appropriate remedy. *See Santillan Quiroz v. Mullin*, 180 F.4th 1251, n.13; *see also Singh v. Cerna*, No. CIV-26-757-R, 2026 WL 1973892, at *1 (W.D. Okla. July 8, 2026).[7]

## VI. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT, IN PART,** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within ten business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. It is further recommended that the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's order.

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later

---

[7] With this recommendation, the Court need not consider Petitioner's argument that his detention violates Due Process, the APA, or the INA. *See Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 n.2 (declining to address the petitioner's remaining claims after ordering a bond hearing).

than **September 22, 2026**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VII. STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on September 15, 2026.

Shon T. Erwin

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE